**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6958**

ANTHONY WRIGHT,

                Plaintiff - Appellant,

        v.

KENNETH E. LASSITER; CARLTON B. JOYNER; VAN MCCULLOUGH;
BETTY BROWN; R. SPEER; B. VINES; TERRI C. STRATTON,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever, III,
Chief District Judge.  (5:13-ct-03245-D)

Submitted:  October 29, 2015          Decided:  February 17, 2016

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Anthony Wright, Appellant Pro Se.    Judith Maria Estevez,
Assistant Attorney General, Kimberly D. Grande, NORTH CAROLINA
DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Wright, a North Carolina inmate, filed a complaint pursuant to 42 U.S.C. § 1983 (2012) and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc to § 2000cc-5 (2012) (RLUIPA), alleging that several prison officials substantially burdened his religious exercise by prohibiting him and other Rastafarian inmates from celebrating certain holy days with a communal feast. The district court granted defendants' motion for summary judgment on the ground that Wright failed to make a prima facie showing that defendants substantially burdened his religious exercise. We affirm in part, vacate in part, and remand for further proceedings.

RLUIPA analysis proceeds in two steps. First, the inmate "bears the initial burden to demonstrate that the prison's policy exacts a substantial burden on religious exercise." Incumaa v. Stirling, 791 F.3d 517, 525 (4th Cir. 2015). "If the inmate clears this hurdle, the burden shifts to the government to prove its policy furthers a compelling governmental interest by the least restrictive means." Id.

The district court reasoned that because the prison allowed Wright other ways of exercising his religious beliefs, including weekly worship and private prayer, the denial of the holy feasts did not amount to a substantial burden under RLUIPA. But "RLUIPA's 'substantial burden' inquiry asks whether the

2

government has substantially burdened religious exercise . . . not whether the RLUIPA claimant is able to engage in other forms of religious exercise." Holt v. Hobbs, 135 S. Ct. 853, 862 (2015). The district court's reliance on alternative means of worship was therefore, at least with respect to the RLUIPA claim, in error. We accordingly vacate its judgment.

On remand, if the district court concludes that Wright has demonstrated that the prison's denial of his proposed holy feasts constitutes a substantial burden under RLUIPA, then it should consider whether that burden "is the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000cc-1. This is an exacting standard, Holt, 135 S. Ct. at 864, but it is not applied without some measure of deference. "Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions." Cutter v. Wilkinson, 544 U.S. 709, 723 (2005). The Act's standards are therefore to be applied with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id.

With respect to Wright's § 1983 First Amendment claim, we note that while "the availability of alternative means of

3

practicing religion is a relevant consideration," Holt, 135 S. Ct. at 862, it is not the only consideration. Rather it is one of four factors used to evaluate the constitutional reasonableness of prison regulations. Turner v. Safley, 482 U.S. 78, 89-91 (1987). We therefore vacate and remand the district court's grant of summary judgment to defendants on Wright's § 1983 claim. On remand, the district court should apply Turner's four-factor test in the first instance.

While we vacate the district court's judgment with respect to these two issues, we affirm with respect to others. We affirm to the extent that Wright seeks monetary damages from defendants for wrongfully violating RLUIPA, Rendelman v. Rouse, 569 F.3d 182, 189 n.2 (4th Cir. 2009), and to the extent that he seeks monetary damages under 42 U.S.C. § 1983 from defendants in their official capacities. Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). We also affirm the district court's denial of Wright's motions for an audit and for an order removing Defendant Stratton from her position pending resolution of the case.

Our opinion does not prohibit the parties from further developing the summary judgment record on remand. We conclude, however, that the court improperly granted summary judgment on the ground that Wright has not made a prima facie showing that the prison substantially burdened his religious exercise. We

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED